Francene McCloud
82 Adams Chapel Road SW
Cartersville, Georgia [30120-9998]

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

APR 2 8 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| FRANCENE MCCLOUD,<br>Sui Juris in Propria Persona | ) Case No.: 1:12-CV-3301-CAP-ECS<br>)<br>) |
| Plaintiff, | )<br>)  MOTION TO STRIKE |
| vs. | )<br>) **TRIAL BY JURY DEMANDED** |
| HSBC BANK USA N.A. | ) |
| Defendant | )<br>)<br>) |

### *PLAINTIFF'S* MEMORANDUM IN SUPPORT OF MOTION TO STRIKE *DEFENDANT'S* SUMMARY-JUDGMENT EVIDENCE

COMES NOW Francene McCloud, living, breathing, natural born, a free woman on the soil, Sovereign American Citizen, *sui juris* (plaintiff) as above stated. Francene McCloud asks the Court to strike HSBC BANK USA N.A.'s Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan green Affidavit.

### A. Introduction

1.  Plaintiff is Francene McCloud; defendant is HSBC BANK USA N.A.

2.  Plaintiff is over the age of eighteen (18), a resident of the County of Bartow, State of Georgia and resides at 82 Adams Chapel Road SW, Cartersville, GA 30120.

3.  On September 21, 2012, plaintiff sued defendant for Wrongful Foreclosure.

4.  On December 16, 2013, defendant filed a motion for final summary judgment on plaintiff's claim for Wrongful Foreclosure. HSBC BANK USA N.A. [ Jonathan E. Green] filed a motion for summary judgment and

attached summary-judgment evidence.

5.     Francene McCloud asks the Court to strike the objectionable summary-judgment evidence that was submitted in support of HSBC BANK USA N.A. [ Jonathan E. Green]'s motion for summary judgment.

### B. Argument

6.     A court can strike summary-judgment evidence when the evidence is inadmissible, speculative, conclusory, improperly authenticated, or otherwise incompetent. *See Cooper-Schut v. Visteon Auto. Sys.*, 361 F.3d 421, 429 (7th Cir. 2004); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *McSpadden v. Mullins*, 456 F.2d 428, 430 (8th Cir. 1972); *Newport Elecs., Inc. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001).

7.     The Court should strike the following summary-judgment evidence:

Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan E. Green Affidavit.

8.     Deposition excerpts. HSBC BANK USA N.A. [ Jonathan E. Green] relies on deposition excerpts that are not properly authenticated.

9.     Documents. HSBC BANK USA N.A. [ Jonathan E. Green] relies on documents that are not properly authenticated.

10.     Affidavits. HSBC BANK USA N.A. [ Jonathan E. Green] relies on defective affidavits. {*See O'Connor's Federal Rules, "Affidavits or declarations," ch. 7-B, §6.1.3, p. 604.*} A court can strike an affidavit if it is not based on personal knowledge, if it sets out facts that would not be admissible in evidence, or if it does not show that the affiant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c) (4). The court should strike any portions of an affidavit that do not meet the standards of Federal Rule of Civil Procedure 56(c) (4). *Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530-31 (5th Cir. 1992).

11.     Declarations. HSBC BANK USA N.A. [ Jonathan E. Green] relies on defective declarations. {*See O'Connor's Federal Rules, "Affidavits or declarations," ch. 7-B, §6.1.3, p. 604.*} A court can strike a declaration if it is not based on personal knowledge, if it sets out facts that would not be admissible in evidence, or if it does not show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c) (4). The court should strike any portions of a declaration that do not meet the

standards of Federal Rule of Civil Procedure 56(c) (4). *See Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530-31 (5th Cir. 1992).

12. Admissions. HSBC BANK USA N.A. [ Jonathan E. Green] relies on its own admissions. A party cannot rely on its own admissions to interrogatories.

13. Other exhibits. HSBC BANK USA N.A. [ Jonathan E. Green] relies on Security Deed, Note, Lease agreement, Communication Letter, Notice Of Foreclosure Sale, Publisher's Affidavit and a Foreclosure Deed which are not properly authenticated and are hearsay.

14. Lay witness. HSBC BANK USA N.A. [ Jonathan E. Green] relies on the Affidavit of a lay witness who is an interested witness. This testimony is not corroborated and contains contradicted facts.

15. The Court should strike the Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan green Affidavit, because

16. HSBC BANK USA N.A. [ Jonathan E. Green]'s Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan E. Green Affidavit. is not based on personal knowledge. Fed. R. Civ. P. 56(c) (4); *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199-1200 (10th Cir. 2006); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988). Philip A. Hasty claim in his affidavit ("Exhibit A") that the facts set forth in this Affidavit are based upon personal knowledge and upon his personal review of business records concerning File # 09-013 542/loan number 936-6164379114, yet Philip A. Hasty provides no documentation **[Philip A. Hasty is also a Known Robo Signer]**. WELL FARGO BANK, N.A. Affidavit claim in its affidavit ("Exhibit B") that Alisha Mulder is a Vice President Loan Documentation and she has knowledge of the loan# 936-xxxxxx9114 The Affidavit states after personal review of business records Alisha Mulder Has Knowledge, yet WELL FARGO BANK, N.A. nor Alisha Mulder provides no documentation. **[Alisha Mulder has been a Loan Servicing Specialist since Aug 2009 to Present. The Affidavit Do not have a Valid Notary Seals nor a Valid Signature of the Affiant or Affiants ]**. Jonathan Green claim in his affidavit ("Exhibit C") that he PERSONALLY APPEARED before the undersigned notary public and yet no notary signed the affidavit that he deposes to.

17. OCGA 9-11-56 (e) *"Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."*

Also, *Nyankojo v. North Star Capital Acquisition, 679 SE 2d 57 - Ga: Court of Appeals 2009 "We have held that testimony regarding the contents of business records, unsupported by the records themselves, by one without personal knowledge of the facts constitutes inadmissible hearsay." {See O'Connor's Federal Rules, "Personal knowledge," ch. 7-B, §6.1.3(1) (b) [1], p. 605.}*

18. As such said Affidavit ("Exhibit A-C") falls under the hearsay rule and is inadmissible as evidence. " 'OCGA 9-11-56 (e) mandates that *"(s)upporting and opposing affidavits shall be made on personal knowledge. . . ." '*

19. *Black's Law 9 th edition states:* **Personal Knowledge:** *Knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else did or said* **Rule 602 of the Federal Rules of Evidence requires lay witness to have personal knowledge of the matters they testify about. An affidavit must also be based on personal knowledge, unless the affiant makes it clear that a statement relies on "information and belief." Also termed Firsthand knowledge.**

20. *Trinsey v Pagliaro, D.C.Pa. 1964, 229 F.Supp. 647. "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or for summary judgment."*

21. HSBC BANK USA N.A. [ Jonathan E. Green]'s Affidavit of Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan Green Affidavit sets out facts that would not be admissible in evidence. Fed. R. Civ. P. 56(c)(4); *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *see Casas Office Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 682-83 (1st Cir. 1994). {*See O'Connor's Federal Rules, "Admissible facts," ch. 7-B, §6.1.3(1)(b)[2], p. 605.*}

22. *This applies both with Federal Rules of Evidence and State Rules of Evidence.... **there must be a competent first hand witness ( a body). there has to be a real person making the complaint** and bringing evidence before the court. **Corporations are paper and can't testify.***

23. the *affiants* are incompetent to testify on the matters stated in the *affidavits*. Fed. R. Civ. P. 56(c)(4). *Porter v. Porter, (N.D. 1979 ) 274 N.W.2d 235 ñ The practice of an attorney filing an affidavit on behalf of his client asserting the status of that client is not approved, inasmuch as not only does the affidavit become hearsay, but it places the attorney in a position of*

4

*witness thus compromising his role as advocate. {See O'Connor's Federal Rules, "Competence," ch. 7-B, §6.1.3(1)(b)[3], p. 605.} Deyo v. Detroit Creamery Co (Mich 1932) 241 N.W.2d 244 Statutes forbidding administering of oath by attorney's in cases in which they may be engaged applies to affidavits as well*

24.  HSBC BANK USA N.A. [ Jonathan E. Green]'s Affidavit of Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan Green Affidavit testimony is inconsistent with its Exhibits, and depositions and there is no explanation for the inconsistency. *See Stinnett v. Iron Works Gym/Exec. Health Spa, Inc.*, 301 F.3d 610, 614-15 (7th Cir. 2002); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495-96 (5th Cir. 1996). The Defendant Affidavit's contradicts clear testimony and is used in an attempt to steal property from the plaintiff in a motion for summary judgment *{See O'Connor's Federal Rules, "Sham affidavit or declaration," ch. 7-B, §6.1.3(2), p. 605.}*

25.  HSBC BANK USA N.A. [ Jonathan E. Green]'s Affidavit of Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan Green affidavits was made in bad faith. *See Akin v. Q-L Invs., Inc.*, 959 F.2d 521, 530 (5th Cir. 1992). The Affidavits were made in bad faith in an attempt to steal Plaintiff's property *{See O'Connor's Federal Rules, "Sanctions for bad-faith affidavit or declaration," ch. 7-B, §6.1.3(3), p. 606.}*

26.  HSBC BANK USA N.A. [ Jonathan E. Green]'s Affidavit of Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan Green is inadmissible or incompetent evidence. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007). Document was not properly authenticated, deposition testimony is inadmissible hearsay. *{See O'Connor's Federal Rules, "Summary-Judgment Proof," ch. 7-B, §6, p. 604.}*

27.  HSBC BANK USA N.A. [ Jonathan E. Green]'s Affidavit of Philip A. Hasty Affidavit, WELL FARGO BANK, N.A. Affidavit and Jonathan Green statements are speculative or conclusory. *See Cooper-Schut*, 361 F.3d at 429; *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997); *Evans*, 80 F.3d at 962. The Affiants theorized the matters over which there was no certain knowledge.

## C. Conclusion

28.  The Law is Clear, however, that entities foreclosing upon homeowners

**must strictly** comply with Georgia's Statutory prerequisites to foreclosure. O.C.G.A. 23-2-114., O.C.G.A. 44-14-162(b), O.C.G.A. 44-14-162.2, O.C.G.A. 44-14-162.2(b) O.C.G.A. 7-6A-2(6) For these reasons, Francene McCloud asks the Court to strike HSBC BANK USA N.A. [ Jonathan E. Green]'s objectionable summary-judgment evidence.

29.     *"It is the responsibility of the court to insure that the court indulge every reasonable presumption against the waiver of fundamental rights."* Aetna *Ins. Co. v Kennedy, 301 US 389.*

This ⸰23⸰rd day of April, 2014

Respectfully submitted,

_____

Francene McCloud
Sui Juris in Propria Persona
Without Prejudice, UCC 1-308, UCC 1-207
82 Adams Chapel Rd
Cartersville, Georgia 30120
770 607-0106

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

## CERTIFICATE OF SERVICE

I certify that a copy of PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE DEFENDANT'S SUMMARY-JUDGMENT
EVIDENCE Was served by certified U.S. mail, return receipt requested, on the
following attorney and Registered Agent in charge for Plaintiff

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
C/o JONATHAN E. GREEN
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone 404 577-6000
Fax: 404 221-6501

This 23rd day of April, 2014

Respectfully submitted,

Francene McCloud
Sui Juris in Propria Persona
Without Prejudice, UCC 1-308, UCC 1-207
82 Adams Chapel Rd
Cartersville, Georgia 30120
770 607-0106

EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANCENE MCCLOUD,
  Plaintiff,

v.

HSBC BANK USA NA,
  Defendant.

Civil Action File No.
1:12-CV-3301-CAP-ECS

## AFFIDAVIT OF PHILIP A. HASTY

Personally appeared before the undersigned officer duly authorized to administer oaths in the State and County aforesaid, Philip A. Hasty, who having been placed under oath, deposed and stated as follows:

**1.**

My name is Philip A. Hasty, and I am a partner with Shapiro, Swertfeger & Hasty, LLP, formerly known as Shapiro & Swertfeger, LLP. ("Shapiro").

**2.**

I am over the age of 18 years. I suffer no disability which would disqualify me from testifying under oath, and I am competent to testify to the matters stated in this affidavit.

3.

I make this affidavit based on my own personal knowledge and upon my personal review of business records concerning file number 09-013 542/loan number 936-6164379114 kept by Shapiro in its regular course of business.

4.

Shapiro was retained by Wells Fargo, as the servicer for HSBC, as foreclosure counsel related to a property located at 82 Adams Chapel Road SW, Cartersville, Georgia 30120 ("Subject Property"). Attached hereto as Exhibit "A" is a copy of the Adjustable Rate Note as contained in the Shapiro foreclosure file; attached hereto as Exhibit "B" is a copy of the Security Deed as contained in the Shapiro foreclosure file.

5.

On or about August 16, 2012, Shapiro sent a notice of default via certified mail, return receipt requested, to the Subject Property, see correspondence attached as Exhibit "C."

6.

This notice advised the Borrower of her rights to notify Shapiro within 30 days of receipt of the notice if she disputed the validity of the debt. Further, the

letter advised that under the Fair Debt Collection Practices Act the lender does not have to wait 30 days to initiate foreclosure proceedings. Moreover, in bold letters the letter provided: "Be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this notice is provided solely to foreclose the security deed remaining on your property and is not an attempt to collect the discharged personal obligation." See Exhibit "C."

7.

On or about August 16, 2012, correspondence was mailed via certified mail, return receipt requested, to the Subject Property, attached hereto as Exhibit "D." This notice stated that the Subject Property was scheduled for foreclosure sale on October 2, 2012, which is more than 30 days after August 16, 2012.

8.

This correspondence also included a copy of the Notice of Sale submitted to the publisher of The Daily Tribune News. See Exhibit "D."

9.

This notice included a paragraph that stated: "If you executed the Note, but have received a discharge in a bankruptcy releasing you from personal liability on the loan, be advised that the secured creditor seeks only to enforce the Security Deed through non-judicial foreclosure sale of the Property. This notice is required

for that purpose and nothing herein shall be construed to suggest that you are personally obligated for the debt." See Exhibit "D."

10.

A letter dated August 30, 2012, was received from Francine McCloud by Shapiro regarding its August 16, 2012 correspondences regarding the Subject Property.

11.

On or about September 11, 2012, Shapiro sent via certified mail a letter to Francine McCloud at the Subject Property, addressing the concerns she raised in her August 30, 2012 correspondence. See Exhibit "E."

12.

The Borrower failed to cure her default or reinstate her loan through Shapiro.

13.

On October 2, 2012, the property was sold at a foreclosure sale where HSBC was the highest bidder and purchased the property for $77,400.00. See Deed Under Power attached as Exhibit "F."

FURTHER AFFIANT SAYETH NOT.

This 20th day of _November_ '2013.

_____

Philip A. Hasty

Sworn to and subscribed before me
this _____ day of 4ttLt?12, 2013.

_Janice Karal Butler_

Nottlry Public
My commission expires: 1/28/17



# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANCENE MCCLOUD,

    Plaintiff,

v.

HSBC BANK USA NA,

    Defendant.

Civil Action File No.
1:12-CV-3301-CAP-ECS

## AFFIDAVIT OF WELLS FARGO BANK, NA.

Personally appeared before the undersigned officer duly authorized to administer oaths in the State and County aforesaid, Alisha Mulder, who having been placed under oath, deposed and stated as follows:

**1.**

My name is Alisha Mulder, and I am a Vice President Loan Documentation with Wells Fargo Bank, N.A. ("Wells Fargo").

**2.**

I am over the age of 18 years. I suffer no disability which would disqualify me from testifying under oath, and I am competent to testify to the matters stated in this affidavit.

Page 1 of 7

3.

I make this affidavit based upon my personal review of business records concerning loan number 936-xxxxxx9114 kept by Wells Fargo in its regular course of business.

**4.**

On or about April 14, 1999, Francene McCloud a/k/a Francine McCloud ("McCloud") purchased property located at 82 Adams Chapel Road, Cartersville, Georgia in Bartow County (the "Subject Property").

5.

The Warranty Deed ("Warranty Deed") evidencing title of the Subject Property to McCloud is recorded at Deed Book 1208, Page 75, Bartow County Records. A copy of the Warranty Deed is attached hereto as **Exhibit "A"**.

6.

On or about April 14, 1999, McCloud obtained a mortgage loan from Vanguard Mortgage Corporation ("Vanguard") in order to finance the Subject Property, in the original principal amount of One Hundred and Five Thousand Two Hundred Fifteen and 00/100 Dollars ($105,215.00) (the "Loan").

7.

The Loan is secured by the Property and is evidenced by a promissory note dated April 14, 1999, that McCloud executed in favor of Vanguard (the "Note"). A copy of the Note is attached hereto as **Exhibit "B"**.

**8.**

According to the Note, Vanguard is identified as the lender, and McCloud was required to start repaying the Loan beginning in June 1999. (See Ex. "B" - Note, at pg. 1.)

9.

To secure repayment of the Loan, McCloud also executed a Security Deed dated April 14, 1999, in favor of Vanguard (the "Security Deed").

**10.**

The Security Deed is recorded at Deed Book 1208, Page 76, Bartow County, Georgia Records. A copy of the Security Deed is attached hereto as **Exhibit "C"**.

**11.**

The Security Deed contains a power of sale permitting the lender and the lender's successors and assigns to accelerate the balance of the Loan and foreclose

on the Property in the event of the borrower's default. (See Ex. "C".)

**12.**

On or about April 14, 1999, the Security Deed was assigned to Irwin Mortgage Company. The Assignment is recorded at Deed Book 1208, Page 89, Bartow County, Georgia Records, attached hereto as **Exhibit "D"**.

**13.**

On or about September 28, 2000, the Security Deed was assigned to Bank United, A Federally Chartered Savings Bank. The Assignment is recorded at Deed Book 1350, Page 212, Bartow County, Georgia Records, attached hereto as **Exhibit** "E".

**14.**

On or about March 6, 2007, the Security Deed was assigned to Wells Fargo Bank, N.A. The Assignment is recorded at Deed Book 2171, Page 253, Bartow County, Georgia Records. The Assignment contained a scriveners error regarding the book number of the Security Deed, and a Corrective Assignment was subsequently filed on or about May 3, 2007. The Corrective Assignment, which is recorded at Deed Book 2188, Page 456, Bartow County, Georgia Records. These Assignments are attached hereto as **Exhibit "F"**.

**15.**

McCloud's Loan was modified with Wells Fargo in June 2007. See Loan Modification Agreement attached hereto as **Exhibit "G"**.

**16.**

However, McCloud defaulted on her loan in September 2008. A Notice of Default/Acceleration Letter was sent to the Plaintiff on October 5, 2008, attached hereto as **Exhibit "H"**.

17.

By February 2010, the Loan was referred to Wells Fargo's foreclosure counsel to commence non-judicial foreclosure proceedings against the Property.

**18.**

On or about February 28, 2012, the Security Deed was assigned to HSBC. The Assignment is recorded at Deed Book 2520, Page 700, Bartow County, Georgia Records, attached hereto as **Exhibit "I"**.

**19.**

Wells Fargo continued to service the loan after it was assigned to HSBC.

**20.**

In 2012, Wells Fargo, as the servicer for HSBC, initiated the foreclosure process, using Shapiro and Swertfeger, LLP, as foreclosure counsel.

**21.**

McCloud failed to pay the full amount required to reinstate the Loan and prevent foreclosure on the Property. A copy of all payments received regarding this loan is attached hereto as **Exhibit "J"**.

22.

On October 2, 2012, the Subject Property was sold at a foreclosure sale where HSBC was the highest bidder and purchased the property for $77,400.00, see attached Deed Under Power, attached hereto as **Exhibit "K"**.

*[Intentionally left blank]*

23.

Wells Fargo has serviced the Loan since December 1, 2006 . At all times relevant hereto, US Bank has been in possession of the Note, which it holds on behalf of the HSBC.

FURTHER AFFIANT SAYETH NOT.


*Jldk*

Alisha Mulder
Vice President Loan Documentation
Wells Fargo Bank, N.A.
11/25/13


State of Iowa       )
                           )SS.
County of Dallas   )

Signed and sworn to (or affirmed) before me on fi b11wibe1       .2013

by Alisha Mulder .

_Mrs. Jessica Suzanne Phillips_
Notary Public

MRS JESSICA SUZANNE PHIWPS
Commission Number 746465
t.tt Commlaion Expills
April 17, 2016

# EXHIBIT C

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

FRANCENE MCCLOUD,

    Plaintiff,

v.

HSBC BANK USA NA,

    Defendant.

Civil Action File No.
1:12-CV-3301-CAP-ECS

## AFFIDAVIT OF JONATHAN GREEN

    PERSONALLY APPEARED before the undersigned notary public duly authorized to administer oaths in the State of Georgia, Jonathan Green, Esq. (hereinafter referred to as "Deponent"), who, having been duly sworn, deposes and states, as follows:

1.     I, Jonathan Green, am of legal age and of no legal disability. I make this Affidavit based upon my personal knowledge of the facts and authorize its use for any and all purposes allowed by Georgia law.

2.     I am the attorney for the Defendant in the above styled case, HSBC Bank USA, N.A., and, as such, I have personal knowledge of the pleadings and documents filed of record in this case.

3.     In or around 2001, the Plaintiff filed for Bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. On April 20, 2002, Plaintiff s debts were discharged in her Bankruptcy Petition. See Plaintiff s Petition and Certified Copy of Dismissal attached hereto as **Exhibit A.**

4.     On or about March 18, 201 0, the Plaintiff filed a "Verified Emergency Petition for Temporary Restraining Order And/Or Preliminary Injunction" in the Bartow County Superior Court against Wells Fargo. The lawsuit alleged that Wells Fargo wrongfully initiated foreclosure proceedings against the Subject Property, the lack of a valid Assignment to Wells Fargo, fraud, statutory foreclosure notice requirements and Fair Debt Collection Practices

Act violations, among other claims. This matter was assigned Case Number 1O-CV-1020. A copy is attached hereto as **Exhibit B.**

5. As a result of the Plaintiff's March 18, 2010 lawsuit, the pending foreclosure sale was put on hold.

6. Judge G. Carey Nelson of the Bartow County Superior Court conducted a hearing on Plaintiff's request for temporary injunctive relief. On April 29, 2010 Judge Nelson issued an Order denying Plaintiff s Motion and transferred the action to Gwinnett County Superior Court for adjudication. In the Order, Judge Nelson ruled that "nothing in this Order shall act to bar foreclosure of the real property that is the subject of this action." A true and correct copy of this Order is attached hereto for the Court's convenience as **Exhibit C.**

7. The matter was transferred to Judge George F. Hutchinson, III of Gwinnett County and assigned case number 10-A-04516-9. Upon Wells Fargo's Motion to Dismiss, the Court granted the motion and dismissed the Plaintiff's claims pursuant to O.C.G.A. § 9-11-12(b)(4)(5)&(6), on June 22, 2011. A true and correct copy of this Order is attached hereto as **Exhibit D.**

8. Plaintiff's deposition was taken on September 27, 2013. A true and correct copy of the deposition and exhibits is attached hereto for the Court's convenience as **Exhibit E.**

FURTHER AFFIANT SAYETH NOT

This {6/ay of_____ 013.

_____
Jonathan Green

Sworn to and subscribed before me
this ___ day of_____, 2013.

_____
NOTARY PUBLIC
[SEAL]

2